**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUA CHEN, | No. 08-74396 |
| Petitioner, | Agency No. A099-061-639 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011**

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Hua Chen, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the BIA's determination that Chen failed to establish his eligibility for asylum. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992). The BIA correctly concluded that Chen is not per se entitled to refugee status because he was not personally subjected to a forced abortion or sterilization. *See Jiang v. Holder*, 611 F.3d 1086, 1092-93 (9th Cir. 2010). Moreover, he did not establish that his conduct constituted resistance to China's population-control program. *See* 8 U.S.C. § 1101(42). *Cf. id.* at 1094-95. Further, he did not establish a well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1017 (9th Cir. 2003) (concluding petitioner's fear was "too speculative"). Accordingly, his asylum claim fails.

Because Chen failed to meet the lower standard of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT relief because Chen failed to establish it is more likely than not he would be tortured if

removed to China.  *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**